SCHOTT, Chief Judge.
Defendant was convicted of possession of a firearm by a convicted felon in violation of LSA-R.S. 14:95.1. He was sentenced to serve seven years at hard labor without benefit of parole, probation, or suspension of sentence and to pay a fine of $1,000. He was also sentenced to six months in jail for contempt of court to run consecutively to the first sentence.
At 2:15 a.m. on April 28 two police officers received a call from their dispatcher sending them to 3432 Hollygrove, Apartment F where there was reported to be a man wanted by the police in possession of a handgun. He was described as a black man wearing a black shirt, black pants, and a blue cap. All of this information originated with a call to the police by an unknown informant.
As the two policeman were walking in the hallway at the given address looking for Apartment F they passed Apartment D whose front door was open. They saw the defendant lying on a bed about three feet from the door. He was dressed as the informant had described and a gun was in his open hand. The police went in, took the gun from him, and asked his identity. They gun contained five bullets. They ran a computer check on the subject and found that he was wanted on a municipal charge of battery and he was on parole for three counts of armed robbery. The police arrested him and then informed him of his rights. He stated he bought the gun for $95 and had it in his hand because he heard shooting outside.
We have examined the record for errors patent and find none.
By his first assignment of error defendant asserts that the trial court erred in denying his motion to suppress the evidence and confession because they were the fruits of an illegal arrest following a warrantless entry into the apartment and wrongful seizure of the gun.
A police officer may stop a person in a public place whom he reasonably suspects has committed a crime. C.Cr.P. art. 215.1. Here the officers reasonably suspected that the defendant was the individual whom the informant told them through their dispatcher was wanted by the police. The gun in defendant’s hand provided a legitimate reason for them to enter the apartment and disarm him. The alternative would have been ridiculous. To stand in the doorway and to initiate questioning of a wanted man without disarming him would have been absurd and foolhardy.
However, they handcuffed defendant before making the computer check and learning that he was a convicted felon or verifying that he was a wanted man. *903 The question is whether defendant’s arrest was illegal because of the lack of probable cause. The gun had already been legally taken. The only remaining pertinent discovery after the arrest was defendant's record as a convicted felon. The doctrine of inevitable discovery applies here because the police were going to determine this information legally irrespective of the arrest. State v. Clark, 499 So.2d 332, 336 (La.App. 4th Cir.1986). The same principle applies to the confession. This assignment is without merit.
By his second assignment defendant argues that hearsay testimony was wrongfully admitted. During the testimony of the police officer he stated:
Okay. I was dispatched to investigate a signal (107). The dispatcher also informed me that a subject was a known wanted subject. She informed me that the subject was a black male, blue cap, black shirt—
There was an objection and a bench conference followed by:
Q Okay. Officer, I’m going to ask you to start again and explain to the Jury how it was you came to arrest the defendant.
A Okay. I was dispatched to 3423 Hollgrove, Apt. F. During dispatch, the dispatcher informed me that the subject was a black male, blue cap, black shirt, black pants, in possession of a blue steel handgun.
Thereupon, defendant moved for a mistrial because of hearsay.
Hearsay is a statement, other than one made by the declarant while testifying at the present trial, offered in evidence to prove the truth of the matter asserted. C.E. Art. 801(C). In this case the declarant was the dispatcher or the informant neither of whom testified. However, the statement was not offered to prove the truth of the matter asserted, i.e., that the defendant was a wanted man in possession of a gun. It was offered merely to explain what the police were doing at this address in the early morning hours when through an open door they spotted defendant holding a gun. Without the information that they were looking for a wanted man in the building the whole trip there made no sense and without the description of the man they had no reason to question him.
This case is readily distinguishable from State v. Hearold, 603 So.2d 731 (La. June 29, 1992 No. 90-K-2094) where the court reversed a conviction because of the police officers testimony as to statements by out-of-court declarants. In that case the court observed:
... .there was considerable testimony by the officers as to information received about defendant’s having engaged in drug distribution over a substantial period of time. The officers did not establish the reliability of the information, but their testimony conveyed to the jury the impression that they believed the information, thereby bolstering the credibility of the out-of-court declarants. This evidence of prior drug distribution, if admissible and when considered with the other evidence pertaining to the amount of drugs found in the bag, could provide a basis for a rational trier of fact to conclude beyond a reasonable doubt that defendant intended to distribute the methamphetamine in his possession in accordance with his longstanding drug dealing operation.
The court recognized the exception to the hearsay rule based upon testimony regarding information which immediately prompted an investigation but said:
The fact that an officer acted on information obtained from an informant may be relevant to explain his conduct, but may not be used as a passkey to bring before the jury the substance of the out-of-court information that would otherwise be barred by the hearsay rule.
[[Image here]]
Irrelevant or marginally relevant evidence should not be used as a vehicle to permit the introduction of highly prejudicial hearsay evidence consisting of the substance of an assertion of criminal activity by a declarant who was not under oath at the time of the statement and not subject to cross-examination at trial.
*904 In the instant case the substance of the statement (there is a wanted man with a gun in this apartment who meets this description) does not rise to the significance of the statement in the Hearold case. As already discussed the statement here was not offered to prove the truth of the statement; and it was highly relevant to explain why the police approached defendant and took the action they did. We have concluded that this assignment is without merit.
Defendant’s third assignment arises out of the following question and answer which followed the testimony quoted above:
Q. Okay. Continue, Officer. State what happened at that point.
A. Okay. The desk officer informed us that the subject was wanted on a municipal charge of battery and, also, that the subject was on parole for three counts of armed robbery. With those facts, we arrested the subject and advised him of his rights. We arrested him for the outstanding warrant and R.S. 14:95.1.
Defendant moved for a mistrial which was denied. He argues in this court that C.Cr.P. art. 770(2) mandated a mistrial because this was a reference to another crime by the district attorney or a court official. A police officer is not a court official and absent a showing of a pattern of unresponsive answers or improper intent a mistrial is not required. State v. Tatum, 506 So.2d 584, 588 (La.App. 4th Cir.1987). The article would apply if the prosecutor deliberately elicits inadmissible information. In the present case there is no suggestion that the prosecutor did this and the officer’s statement was an isolated one. In any event the evidence that defendant was a convicted felon in possession of a firearm was overwhelming. The reference to this minor charge in Municipal Court of battery was harmless.
By his last assignment defendant contends the six month consecutive sentence for contempt was excessive. This is the maximum sentence. The record does not explain the sentence and does not show compliance by the trial judge with the sentencing guidelines of art. 894.1. We conclude that this assignment has merit.
Accordingly, the conviction of possession of a firearm by a convicted felon and the sentence for this offense are affirmed. The sentence of six months for contempt of court is vacated and the case is remanded to the trial court.
SIX MONTH CONTEMPT SENTENCE VACATED; OTHERWISE AFFIRMED REMANDED.
JONES, J., dissents.